IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

COMMONWEALTH OF PUERTO RICO,

Plaintiff,

v.

NAVIENT CORPORATION, *et al.*,

Defendants.

CIVIL NO.  23-1410 (SCC)(HRV)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Commonwealth of Puerto Rico, through its Attorney General, sued defendants Navient Corporation and Navient Solutions, LLC ("Navient"), alleging that the latter engaged in unfair, deceptive, and abusive practices in connection with its student loan origination and servicing activities. (Docket No. 1). Eventually, after extensive negotiations, the parties reached an agreement to settle the claims contained in the complaint. On September 18, 2024, the Court approved the Consent Judgment and Order entered into by the parties. (Docket No. 62).

The agreement memorialized in the Consent Judgment provides in relevant part that Navient, without admitting wrongdoing or liability, voluntarily agreed to address the concerns raised by the lawsuit. Among other things, the agreement establishes a framework aimed at enhancing Navient operations and practices with the goal of addressing specific concerns in the areas of payment processing, billing, communications with the borrowers, and management of borrower disputes. Navient

also agreed to discharge and forgive certain private loans that meet specified criteria. The requirements for loan forgiveness were outlined in Exhibit A to the Consent Judgment. (Docket No. 62 at 36-37). The Consent Judgment further states that eligible borrowers would be directly notified by Navient. *Id.* at 28. Relevantly, the Consent Judgment provides that it does not create any third-party beneficiary rights or grant a right to any individual consumer to bring an action against Navient. (Docket No. 62 at 3, Section III.C.).

Now pending before the Court is the *pro se* motion filed by individual borrower Sandra T. Berdecia-Tejada ("Ms. Berdecia") on October 23, 2024. (Docket No. 63). In her motion, Ms. Berdecia requests the cancellation of her student loan debt with Navient and reimbursement of the funds she has already paid. She cites the provisions of the Consent Judgment as the legal basis for the relief she seeks. She also requests that Navient review her account to determine if she meets the eligibility criteria for loan forgiveness. The matter was referred to me for report and recommendation on November 7, 2024. (Docket No. 64). I ordered Navient to respond to the *pro se* motion (Docket No. 65), and Navient timely complied. (Docket No. 66).

In opposition to the relief requested by Ms. Berdecia, Navient advances three separate but related arguments. First, that Ms. Berdecia did not seek to intervene in the case in a timely manner. Second, that she was not a party to the case. And, third, that she is not a third-party beneficiary to the Consent Judgment. Navient further claims that it is entitled to due process prior to the adjudication of the rights of a third party in private litigation.

2

I agree with Navient, for essentially the same reasons it proffers at Docket No. 66, that Ms. Berdecia is not entitled to the relief she requests. The Consent Judgment in this case settles the disputes between the actual parties to the case. Ms. Berdecia did not opportunely seek to intervene. To allow her to do so at this juncture, would go against the important goal of promoting finality of judgments. *See Bond v. Utreras*, 585 F.3d 1061, 1071 (7th Cir. 2009)(the language in Fed. R. Civ. P. 24(b)(3) "suggests that intervention postjudgment—which necessarily disturbs the final adjudication of the parties' rights—should generally be disfavored.").

Moreover, Ms. Berdecia is not a third-party beneficiary of the Consent Judgment. Puerto Rico law recognizes the concept of a third-party beneficiary to a contract. *See* P.R. Laws. Ann. Tit, 31 § 3374. "A party who benefits from [a] contract may be afforded rights under it as a third-party beneficiary, even though it was not expressly named and did not participate in the execution of the contract, if the benefits afforded to that party can be identified from . . . the contract." *Simmon-Román v. Cruz-Burgos*, Civil No. 21-1038 (GLS), 2023 WL 8481403, 2023 U.S. Dist. LEXIS 219287, at *8-9 (D.P.R. Dec 6, 2023)(*quoting CPA Group Int'l Inc. v. American Intern Ins. Co. of Puerto Rico*, 2002 WL 31944044, 2002 U.S. Dist. LEXIS 30772, at *36 (D.P.R. May 23, 2002)). In this case, however, the Consent Judgment by its clear terms expressly eschews a private right of action by third parties.

Similarly, albeit in different contexts, but applying a similar rationale, many cases hold that a consent decree does not confer third-party beneficiary status to non-parties unless specifically stipulated. *See, e.g., Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750, 95 S. ct. 1917, 44 L. Ed. 2d 539 (1975)("[A] well-settled line of authority from

this Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it."); *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 357 (1st Cir. 2013)(in a mortgage foreclosure action, where a consent agreement explicitly disclaimed the creation of a private right of action, it was "far from clear" that private litigants could seek to enforce the terms of said consent agreement*); Mackenzie v. Flagstar Bank, FSB*, 738 F.3d 486, 491 (1st Cir. 2013)("[B]orrowers are not third-party beneficiaries of agreements between mortgage lenders and the government.").

In view of the above, I recommend that Ms. Berdecia's motion at Docket No. 63, be DENIED. I trust that Navient, in compliance with the terms of the Consent Judgment, will review Ms. Berdecia's account to determine if she meets the criteria for loan forgiveness.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

In San Juan, Puerto Rico this 5th day of December, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE

4